[Cite as *In re Cutlip*, 2011-Ohio-7087.]



# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263
www.cco.state.oh.us

IN RE: DANIEL K. CUTLIP

ALICE B. MC DARBY

       Applicant

Case No. V2011-60182

Judge Joseph T. Clark

<u>DECISION</u>

---

{¶1} This matter came on to be considered upon applicant's appeal from the August 30, 2011 order issued by the panel of commissioners. The panel's determination affirmed the final decision of the Attorney General, which denied applicant's claim for an award of reparations based upon the finding that Daniel Cutlip was not a victim of criminally injurious conduct. The panel reversed the Attorney General's decision with respect to a denial based upon failure to establish criminally injurious conduct; however, the panel denied the claim pursuant to R.C. 2743.60(E)(1)(a), finding that Daniel Cutlip engaged in felonious conduct within ten years of the criminally injurious conduct.

{¶2} R.C. 2743.52(A) places the burden of proof on an applicant to satisfy the Court of Claims Commissioners that the requirements for an award have been met by a preponderance of the evidence. *In re Rios* (1983), 8 Ohio Misc.2d 4, 8 OBR 63, 455 N.E.2d 1374. The Attorney General bears the burden of proof by a preponderance of the evidence with respect to the exclusionary criteria of R.C. 2743.60. *In re Williams*, V77-0739jud (3-26-79). The panel found, upon review of the evidence, that the Attorney General presented sufficient evidence to meet his burden.

{¶3} The standard for reviewing claims that are appealed to the court is established by R.C. 2743.61(C), which provides in pertinent part: "If upon hearing and consideration of the record and evidence, the judge decides that the decision of the panel of commissioners is unreasonable or unlawful, the judge shall reverse and vacate the decision or modify it and enter judgment on the claim. The decision of the judge of the court of claims is final."

{¶4} According to the evidence presented, Daniel Cutlip was arrested for carrying a concealed weapon on October 9, 2008. The arresting officer testified that a loaded weapon was found in Cutlip's possession following a disturbance on the campus of Columbus State Community College. The officer further testified that Cutlip's abusive and threatening conduct constituted a violation of the felony provisions of R.C. 2903.211(A)(1)(B)(2), menacing by stalking. The officer related that he was advised to allow the grand jury to consider the matter. The Attorney General informed the panel that the records concerning the incident are sealed. Based upon the evidence, the panel found that the Attorney General met his burden of proving that Cutlip engaged in conduct which constituted felonious menacing by stalking.

{¶5} R.C. 2903.211 provides, in pertinent part:

{¶6} "(A)(1) No person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or cause mental distress to the other person.

{¶7} "* * *

{¶8} "(B) Whoever violates this section is guilty of menacing by stalking.

{¶9} "* * *

{¶10} "(2) Menacing by stalking is a felony of the fourth degree if any of the following applies:

{¶11} "* * *

{¶12} "(f) While committing the offense under division (A)(1) of this section or a violation of division (A)(3) of this section based on conduct in violation of division (A)(1) of this section, the offender had a deadly weapon on or about the offender's person or under the offender's control. Division (B)(2)(f) of this section does not apply in determining the penalty for a violation of division (A)(2) of this section or a violation of division (A)(3) of this section based on conduct in violation of division (A)(2) of this section."

{¶13} Applicant argued that the Attorney General had failed to meet its burden with regard to Cutlip's alleged felonious conduct inasmuch as Cutlip was not convicted of a felony as a result of the incident. However, a denial based upon R.C. 2743.60(E)(1)(a) does not require a conviction.

{¶14} R.C. 2743.60 provides, in pertinent part:

{¶15} "(E) (1) Except as otherwise provided in division (E)(2) of this section, the attorney general, a panel of commissioners, or a judge of the court of claims shall not make an award to a claimant if any of the following applies:

{¶16} "* * *

{¶17} "(c) It is proved by a preponderance of the evidence that the victim or the claimant engaged, within ten years prior to the criminally injurious conduct that gave rise to the claim or during the pendency of the claim, in an offense of violence, a violation of section 2925.03 of the Revised Code, or any substantially similar offense that also would constitute a felony under the laws of this state, another state, or the United States."

{¶18} There is sufficient information in the claim file to support the panel's determination and the court will not substitute its judgment for that of the trier of fact. In addition to the panel's finding regarding menacing by stalking, the court notes that the undisputed evidence established that the weapon which was in Cutlip's possession was loaded. That evidence alone is sufficient to support the finding

that Cutlip engaged in felonious conduct within ten years prior to the criminally injurious conduct. R.C. 2923.12(F)(1).

{¶19} Upon review of the file in this matter, the court finds that the panel of commissioners was not arbitrary in finding that the Attorney General showed by a preponderance of the evidence that applicant was not entitled to an award of reparations.

{¶20} Based on the evidence and R.C. 2743.61, it is the court's opinion that the decision of the panel of commissioners was reasonable and lawful. Therefore, this court affirms the decision of the three-commissioner panel, and hereby denies applicant's claim.

ORDER

{¶21} Upon review of the evidence, the court finds the order of the panel of commissioners must be affirmed and applicant's appeal must be denied.

{¶22} IT IS HEREBY ORDERED THAT:

{¶23} 1) The order of August 30, 2011, (Jr. Vol. 2280, Pages 107-115) is approved, affirmed and adopted;

{¶24} 2) This claim is DENIED and judgment entered for the State of Ohio;

{¶25} 3) Costs assumed by the reparations fund.

_____
JOSEPH T. CLARK
Judge

AMR/dms

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Franklin County Prosecuting Attorney and to: